UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NANCY ORTIZ, Mother of JASMINE BROWN,

                        Plaintiff,

               -against-

COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------------------------X

**25 Civ. 08416 (JAV) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Nancy Ortiz, proceeding *pro se*, commenced this action on behalf of her daughter, Jasmine Brown, on October 10, 2025, seeking judicial review of a final decision of the Commissioner of Social Security. (Dkt. No. 1).[1] Attached to the Complaint was a letter from the Social Security Administration Office of Appellate Operations dated August 8, 2025, denying Brown's request for review of the Administrative Law Judge's decision. (*Id.*). The Certified Administrative Record in this matter was filed on January 27, 2026. (Dkt. No. 8). From review of the record, Ortiz's objective appears to be to reinstate Brown's Supplemental Security Income ("SSI") benefits, which ceased on July 31, 2019. (*Id.* at 90). Ortiz asserts this claim on behalf of her adult child, which raises a threshold question of whether she may proceed *pro se* while doing so.

Generally, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). However, the Second Circuit has also held that when "a non-attorney parent who brings an SSI appeal on behalf [of] his or her children has a

---

[1] The Complaint in this action, as well as all the other referenced documents in this Order, have been filed under seal.

sufficient interest in the case and meets basic standards of competence," that parent may bring an action on behalf of his or her minor child *pro se*. *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). In *Machadio*, the Court found that the parent's and minor child's interests were "closely intertwined," such that the district court did not err in allowing the plaintiff to proceed on behalf of her child. *Id.* at 106.

When the child is an adult, however, courts have recognized that a sufficient overlap of interests between parent and child may not exist. *See, e.g.*, *Perlman on behalf of Y.P. v. Comm'r of Soc. Sec.*, No. 24 Civ. 4503 (LJL), 2025 WL 2676048, at *3 (S.D.N.Y. Sep. 18, 2025). Nonetheless, parents are not categorically barred from bringing social security actions on behalf of adult children. *See id.*; *see also H.-B. v. Comm'r of Soc. Sec.*, No. 26 Civ. 425 (PAE) (BCM), 2026 WL 242251, at *3 (S.D.N.Y. Jan. 29, 2026). Rather, factors such as whether the parent has legal custody of the adult child, whether the parent has assumed responsibility for the adult child's care, and whether any SSI benefits would be distributed to the adult child through the parent may determine whether a parent's interests are closely intertwined with that of their adult child. *See Perlman*, 2025 WL 2676048, at *3 (finding that parent was not a proper party to challenge denial of SSI benefits to his 20-year-old son where he had not demonstrated that "he has custody of his son or that he has assumed responsibility for [his son's] care or that the benefits that would be paid to [the son], were he to prevail in this case, would be distributed to [the son] through Plaintiff").

Furthermore, *Machadio* suggests that courts must examine the issue of an SSI claimant being represented by a non-attorney parent before ruling on the merits. *See Machadio*, 276 F.3d at 107 ("Where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who

brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney."); *see also H.-B.*, 2026 WL 242251, at *3 (describing issue of parent's ability to represent adult child *pro se* as a "threshold question[]").

Here, Ortiz has not yet made any showing in the record that her interests are sufficiently closely intertwined with those of Brown that it would be proper to allow her to represent Brown in this action *pro se*.  The Court will, however, allow Ortiz to make such a showing.  Ortiz is hereby directed to submit a brief by **Monday, February 23, 2026** explaining what circumstances exist, if any, that warrant allowing her to represent Brown *pro se* in this action, including why Brown is unable to represent herself *pro se*, whether Ortiz has been appointed a guardian *ad litem* or otherwise has legal custody of or responsibility for Brown, and what assurances the Court and the Social Security Administration would have that any award of SSI benefits would be distributed to Brown. The Commissioner shall have until **Monday, March 9, 2026** to submit any opposition or response.  All interim deadlines, including Plaintiff's motion for judgment on the pleadings, are hereby stayed pending resolution of this inquiry.

In addition, Plaintiff is hereby put on notice that there are legal services available to *pro se* plaintiffs which may be of use to her in this action.  Attached to this order are information sheets regarding *pro se* assistance in social security appeals through the New York County Lawyers Association and general *pro se* resources offered by the City Bar Justice Center.  Plaintiff also is encouraged to utilize the resources of the Southern District's

*Pro Se* Intake Unit, which may be contacted at (212)805-0175 or in person at 500 Pearl

Street, Room 250, during normal business hours (8:30 am – 5:00 pm), Monday - Friday.

    **SO ORDERED.**

DATED:    New York, New York
            February 10, 2026

                             The Honorable Gary Stein
                             United States Magistrate Judge



**New York County Lawyers Association**

**Social Security SDNY Project**

*Pro Bono Programs*

**To all individuals who have Social Security or Supplemental Security Income cases:**

The New York County Lawyers Association (NYCLA) has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek at (212) 349-0900. We cannot guarantee that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

Anthe Maria Bova
General Counsel & Director of Pro Bono Programs

---

**A todas las personas que tienen casos de Seguro Social o Seguridad de Ingreso Suplementario:**

El *New York County Lawyers Association* (NYCLA) ha brindado asistencia legal gratuita a miles de personas que no pueden pagar un abogado. Si no puede pagar un abogado, puede calificar para representación legal gratuita en su apelación en el tribunal del 'Southern District of New York.'

Si desea consultar con un abogado, por favor llame a Carolyn A. Kubitschek al (212) 349-0900. No podemos garantizar que todos los que llamen obtengan un abogado, pero estamos comprometidos a brindar representación legal gratuita al mayor número posible de personas en sus apelaciones federales.

Atentamente,

Anthe Maria Bova
Asesora General y Directora de Programas Pro Bono

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)


CITY BAR
JUSTICE
CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.