**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
NANCY ORTIZ, Mother of JASMINE
BROWN,

                          Plaintiff,                          **25 Civ. 8416 (JAV) (GS)**

         -against-                                 **REPORT &**
                                                  **RECOMMENDATION**

COMMISSIONER OF
SOCIAL SECURITY,

                         Defendant.
--------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

      Plaintiff Nancy Ortiz, proceeding *pro se*, commenced this action on behalf of

her adult daughter, Jasmine Brown, on October 10, 2025, seeking judicial review of

a final decision of the Commissioner of Social Security.  (Dkt. No. 1).[1]  Attached to

the Complaint was a letter from the Social Security Administration Office of

Appellate Operations dated August 8, 2025, denying Brown's request for review of

an Administrative Law Judge ("ALJ")'s decision dated July 2, 2024.  (*Id.*).  The ALJ

decision determined that Brown's disability ended on August 1, 2019 and that she

was not eligible for Supplemental Security Income ("SSI") benefits after that date.

(Dkt. No. 8 at 73–83).

      As explained below, due to Ortiz's failure to respond to the Court's orders

requiring her to explain why she should be permitted to represent the interests of

her adult daughter *pro se*, the undersigned respectfully recommends that this action

---

[1] The Complaint in this action, as well as several other referenced documents in this Report &
Recommendation, have been filed under seal.

be **DISMISSED** without prejudice unless Ortiz, within 30 days from any Order adopting this Report & Recommendation, either makes a proper showing that she can proceed *pro se* or retains counsel for this action.[2]

## DISCUSSION

Generally, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). "Moreover, 'a district court has a duty to raise this issue *sua sponte*.'" *Drews v. Goldollar Real Est. Invs.*, No. 24 Civ. 6697 (LLS), 2025 WL 2144728, at \*2 (S.D.N.Y. July 28, 2025) (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)). However, the Second Circuit has also held that when "a non-attorney parent who brings an SSI appeal on behalf [of] his or her children has a sufficient interest in the case and meets basic standards of competence," that parent may bring an action on behalf of his or her minor child *pro se*. *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). In *Machadio*, the Second Circuit found that the parent's and minor child's interests were "closely intertwined," such that the district court did not err in allowing the plaintiff to proceed on behalf of her child. *Id.* at 106.

---

[2] On January 20, 2026, the Honorable Jeannette A. Vargas referred this matter to the undersigned. (Dkt. No. 7). As the Magistrate Judge assigned to this case, the undersigned lacks the authority to dismiss this action, which is why this ruling is in the form of a Report & Recommendation to Judge Vargas, who, as the district judge presiding over the case, does have such authority. As set forth more fully in the Notice at the end of this ruling, Ortiz has the right to file objections before Judge Vargas to this Report & Recommendation, provided she does so in a timely manner.

When the child is an adult, however, courts have recognized that a sufficient overlap of interests between parent and child may not exist. *See, e.g.*, *Perlman on behalf of Y.P. v. Comm'r of Soc. Sec.*, No. 24 Civ. 4503 (LJL), 2025 WL 2676048, at *3 (S.D.N.Y. Sep. 18, 2025). Nonetheless, courts in this circuit have found that parents are not categorically barred from bringing social security actions on behalf of adult children. *See id.*; *see also H.-B. v. Comm'r of Soc. Sec.*, No. 26 Civ. 425 (PAE) (BCM), 2026 WL 242251, at *3 (S.D.N.Y. Jan. 29, 2026); *Adelman v. Comm'r of Soc. Sec.*, No. 24 Civ. 6891 (EK), 2026 WL 698744, at *1 n.1 (E.D.N.Y. Mar. 12, 2026). In determining whether a parent's interests are closely intertwined with those of their adult child, courts consider factors such as whether the parent has legal custody of the adult child, whether the parent has assumed responsibility for the adult child's care, and whether any SSI benefits would be distributed to the adult child through the parent. *See Perlman*, 2025 WL 2676048, at *3 (finding that parent was not a proper party to challenge denial of SSI benefits to his 20-year-old son where he had not demonstrated that "he has custody of his son or that he has assumed responsibility for [his son's] care or that the benefits that would be paid to [the son], were he to prevail in this case, would be distributed to [the son] through Plaintiff"); *Adelman*, 2026 WL 698744, at *1 n.1 (finding that parent could bring suit on behalf of adult child where the "mother is [plaintiff's] representative payee . . . and any benefits she receives on her son's behalf will defray the cost of his care").

Furthermore, *Machadio* suggests that courts must examine the issue of an SSI claimant being represented by a non-attorney parent before ruling on the

merits.  *See Machadio*, 276 F.3d at 107 ("Where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney."); *see also H.-B.*, 2026 WL 242251, at *3 (describing issue of parent's ability to represent adult child *pro se* as a "threshold question[]").

Here, Brown turned 18 years old at the end of 2018 and was 24 years old when this action was commenced in October 2025.  (Dkt. No. 8 at 75).  Because Brown is an adult, the Court *sua sponte* raised the issue of Ortiz's ability to represent Brown *pro se* in an Order issued on February 10, 2026 (the "February Order").  (Dkt. No. 10).  The February Order summarized the case law above and noted that Ortiz had not yet made any showing that her interests were sufficiently closely intertwined with those of Brown to permit her to represent Brown in this action *pro se*.  (*Id.* at 1–3).  The Court then directed Ortiz to submit a brief by February 23, 2026 "explaining what circumstances exist, if any, that warrant allowing her to represent Brown *pro se* in this action, including why Brown is unable to represent herself *pro se*, whether Ortiz has been appointed a guardian *ad litem* or otherwise has legal custody of or responsibility for Brown, and what assurances the Court and the Social Security Administration would have that any award of SSI benefits would be distributed to Brown."  (*Id.* at 3).  The Order also

4

alerted Ortiz to legal services organizations that she might be able to turn to for assistance. (*Id.* at 3–4 ).[3]  The Clerk's Office mailed the February Order to the address for Ortiz reflected on the docket. (*See* Docket Entry dated Feb. 11, 2026).

After the February 23 deadline for Plaintiff to submit her brief passed without any filing, the Court issued another Order on March 2, 2026 (the "March Order"), *sua sponte* extending that deadline to March 20, 2026. (Dkt. No. 11).  In the March Order, the Court warned Ortiz that it would not extend the deadline again absent a timely request to do so and that "a failure to timely submit any brief in connection with this order may result in the recommendation of dismissal of Plaintiff's claims." (*Id.*).  The Clerk's Office mailed the March Order to Ortiz at her address. (*See* Docket Entry dated March 3, 2026).

Despite these orders, the Court has received no filings from Ortiz. Accordingly, the Court is unable to evaluate whether Ortiz's and Brown's interests are sufficiently closely intertwined to afford Ortiz the ability to represent Brown in this action *pro se*.  Given the teachings of such cases as *Machadio*, *Perlman*, and *H.-B.*, therefore, the Court cannot find that Ortiz may proceed *pro se* in this action. Absent an adequate showing by Ortiz that she can proceed *pro se*, she can only prosecute this action if counsel is retained.

---

[3] The February Order also stayed Plaintiff's deadline for filing her motion for judgment on the pleadings, which had been due on February 26, 2026, pending resolution of the representation issue. (*Id.* at 3; Docket Entry accompanying Dkt. No. 8).

For these reasons, the undersigned respectfully recommends: (i) that Plaintiff be given 30 days from the date of any Order by Judge Vargas adopting this Report & Recommendation either to make a proper showing that she may proceed *pro se* or to retain counsel for this action; and (ii) that if, at the end of that 30-day period, Ortiz has done neither, this action be **DISMISSED** without prejudice.

DATED:    New York, New York
          April 14, 2026

The Honorable Gary Stein
United States Magistrate Judge

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. Section 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen days, inclusive of weekends and holidays, from service of this Report and Recommendation to file written objections thereto.  *See also* Fed. R. Civ. 6(a), (b), and (d).  Any such objections shall be filed with the Clerk of Court.  Any request for an extension of time to file objections must be directed to the Honorable Jeannette A. Vargas.  A failure to file timely objections will preclude appellate review.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).