UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                 :

NANCY ORTIZ, Mother, in care of JASMINE BROWN,   :

                    :

             Plaintiff,       :         25-CV-08416 (JAV) (GS)

                    :

        -v-                   :          <u>ORDER ADOPTING</u>

                    :            <u>REPORT AND</u>

1699 NEW YORK AVENUE PARKING LLC,       :        <u>RECOMMENDATION</u>

                    :

           Defendant.      :

                    :

------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

On October 10, 2025, Plaintiff Nancy Ortiz ("Plaintiff") commenced this action *pro se* on behalf of her adult daughter, Jasmine Brown ("Brown"), challenging the final decision of the Commissioner of Social Security. ECF No. 1. On January 20, 2026, the Court referred the action to Magistrate Judge Gary Stein to review Plaintiff's challenge. ECF No. 7. In the Report and Recommendation filed on April 14, 2026, Magistrate Judge Stein recommended that the action be dismissed due to Plaintiff's failure to respond to Magistrate Judge Stein's order requiring her to explain why she should be permitted to represent the interests of her adult daughter *pro se*. ECF No. 12 ("R&R") at 1-2.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper

objections under Rule 72(b).  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.  *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 6.  In addition, the Report and Recommendation expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *Id.*  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Miller*, 43 F.4th at 120.

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be thorough, well-reasoned, and grounded in fact and law.  Having found no errors, the Court **ADOPTS** the Report and Recommendation in its entirety.

Accordingly, by **June 19, 2026**, Plaintiff must either (1) show cause in writing why she may bring this action *pro se* on behalf of her adult child, or (2) retain counsel to represent her in this action.  If Plaintiff fails to show cause in writing or new counsel fails to appear by that date, or an extension of time is not granted, this action will be dismissed without prejudice.

SO ORDERED.

Dated:  May 19, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2